IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

---

KATHLEEN SEBELIUS, Secretary,
Department of Health and Human Services,

      Plaintiff,

      v.

"UPLIFT MEDICAL, P.C."
d/b/a CIGNET HEALTH CENTER,
d/b/a CIGNET HEALTH PLAN, AND
d/b/a CIGNET HEALTHCARE,
An unincorporated Maryland business association, and
Drs. Daniel Austin and Cynthia Austin in their joint
and individual capacity as the co-owners and
de facto partners of theForfeited Professional
Corporation, "Uplift Medical, P.C."

      Defendants.

CV

---

## COMPLAINT

Plaintiff, the United States of America, by Rod J. Rosenstein, United States Attorney for the District of Maryland, respectfully represents to the Court as follows:

## THE PARTIES AND RELEVANT AGENCIES

1. Kathleen Sebelius is the Secretary ("Secretary") of the United States Department of Health and Human Services ("HHS").

2. The Secretary is authorized to investigate and to bring enforcement actions under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") (P. L. No. 104-191, 110 Stat. 1936 (codified in scattered sections of Titles 18, 26, 29, and 42 U.S.C.)) for violations of the Federal Standards for Privacy of Individually Identifiable Health Information (45 C.F.R. Part 160 and Part164, Subparts A and E, the Privacy Rule, which was promulgated pursuant to Section 264(a)-(c)of HIPAA, 110 Stat. at 2033). HIPAA authorizes the Secretary to impose civil

money penalties ("CMPs") for violations of the Privacy Rule. 42 U.S.C. § 1320d-5; 45 C.F.R. § 160.400 et seq. The Secretary has delegated the authority to administer and enforce the HIPAA Privacy Rule to the Director of the HHS Office for Civil Rights ("OCR"). *See* Statement of Delegation of Authority, 65 Fed. Reg. 82,381.

3. CMPs imposed under HIPAA may be recovered by the Secretary through a civil action brought in the name of the United States. 42 U.S.C. § 1320a-7a(f) (made applicable through 42 U.S.C. § 1320d-5(a)(2)); 45 C.F.R. § 160.424(b).

4. Defendant "Uplift Medical, P.C." is an unincorporated business entity operating in the State of Maryland with a principal place of business at 3710 Riviera Street, Temple Hills, Maryland 20748. "Uplift Medical, P.C." was validly incorporated in the State of Maryland in 1997, its corporate charter was forfeited in 2003, and it continues to operate in the State of Maryland. "Uplift Medical, P.C." provides medical services to patients including: family practice services; pediatric care services; women's health services; preventive care; immunizations; skin disorder services; X-ray and Ultrasound services; lab services; nerve conduction studies; stress tests; echocardiography; and specialist care. It does business as "Uplift Medical, P.C.," Cignet Health Center, Cignet Health Plan, and Cignet Healthcare and it has done business at several addresses, including, *inter alia*, 12164 Central Avenue, Suite 222, Mitchellville, Maryland 20721 and 609 60th Place, Fairmont Heights, Maryland  20743.

5. Defendant, Dr. Daniel Austin, is a medical doctor, not currently licensed to practice medicine in any state. Dr. Daniel Austin is currently the Administrator of Cignet Health Center at 3710 Riviera Street, Temple Hills, Maryland 20748. Dr. Daniel Austin was a Director of Uplift Medical, P.C. under its Articles of Incorporation when it was incorporated in 1997.

6. Defendant, Dr. Cynthia Austin, is a physician, licensed to practice medicine in the State of Maryland with a specialty in obstetrics and gynecology. Dr. Cynthia Austin is currently a participating physician on staff at Cignet Health Center at 3710 Riviera Street, Temple Hills, Maryland 20748. Dr. Cynthia Austin was a Director of Uplift Medical, P.C. under its Articles of

Incorporation when it was incorporated in 1997.

## JURISDICTION AND VENUE

7. This action is brought to recover a civil money penalty imposed under 42 U.S.C. § 1320d-5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1345 and 42 U.S.C. §§ 1320d-5, 1320a-7a (the procedures set forth in 42 U.S.C. § 1320a-7a are incorporated by reference in 42 U.S.C. § 1320d-5(a)(2)).

8. Defendant, "Uplift Medical, P.C.," is an unincorporated Maryland business association with its principal place of business located in Temple Hills, Maryland. Furthermore, the actions giving rise to the civil money penalty involved Cignet Health Center, one of the trade names under which "Uplift Medical, P.C." was doing business in Temple Hills, Maryland. Therefore, venue properly lies in the United States District Court for the District of Maryland pursuant to 42 U.S.C. § 1320a-7a(f) and 28 U.S.C. § 1391(c).

## CIVIL MONEY PENALTY PROVISIONS AND ADMINISTRATIVE APPEAL PROCEDURES

9. A party against whom OCR has imposed a CMP may be represented by counsel and may request an evidentiary hearing before an HHS Administrative Law Judge (ALJ) to challenge the imposition of the CMP. 45 C.F.R. § 160.504. The request for hearing must be mailed within 90 days after the party receives the notice of the proposed determination. 45 C.F.R. § 160.504(b).

10. If the party against whom OCR has imposed a CMP does not request a hearing within the time prescribed by 45 C.F.R. § 160.504(b) and the matter is not settled pursuant to 45 C.F.R. § 160.416, the Secretary will impose the proposed penalty or any lesser penalty permitted by 42 U.S.C. § 1320d-5. 45 C.F.R. § 160.422. The Secretary will notify the party by certified mail, return receipt requested, of any penalty that has been imposed and of the means by which the party may satisfy the penalty, and the penalty is final on receipt of the notice. Id.

1     11. If the party against whom OCR has imposed a CMP does not request a hearing within the time prescribed by 45 C.F.R. § 160.504(b), then that party has no right to appeal the CMP. 45 C.F.R. § 160.422.

    12. Once a final administrative determination has been rendered, an action to recover the CMP may be filed in the name of the United States in the United States District Court for the district in which the party resides, is found, or is located or where the claim was presented. 42 U.S.C. § 1320a-7a(f); 45 C.F.R. § 160.424(b).

## FACTS AND PRIOR PROCEEDINGS ESTABLISHING LIABILITY

    13. Defendant "Uplift Medical, P.C." d/b/a Cignet Health Center, Cignet Health Plan, and/or Cignet Healthcare (hereinafter "Cignet" or "the covered entity") is a covered entity within the definition of that term set forth at 45 C.F.R. § 160.103 and as such is required to comply with the requirements of the Privacy Rule.

    14. On October 20, 2010, OCR notified "Uplift Medical, P.C." d/b/a Cignet Health Center, Cignet Health Plan, and/or Cignet Healthcare by a Notice of Proposed Determination (a copy of which is attached and incorporated herein as **Exhibit A**) that OCR had determined to impose a CMP and assessment of $4,351,600 against it as a covered entity under 42 U.S.C. § 1320d-5 and 45 C.F.R. Part 160 subpart D.

    15. OCR's decision was based on its determination that the covered entity had violated two provisions of the HIPAA Privacy Rule. OCR determined that Cignet failed to provide 41 individuals timely access to obtain a copy of the protected health information about them in the designated record sets (medical records) maintained by Cignet and that such failures constituted violations of 45 C.F.R. § 164.524. OCR further determined that Cignet failed to cooperate with OCR's investigation of 27 complaints regarding Cignet's noncompliance with the requirement to provide timely access to protected health information as described above and that such failures to cooperate with an investigation constituted violations of 45 C.F.R. § 160.310(b).

16. The Notice of Proposed Determination provided notice to Defendant that it had the right under 45 C.F.R. Part 160 to request a hearing before an ALJ to challenge the proposed CMP within 90 days of having received the Notice of Proposed Determination.

17. Defendant did not request a hearing to challenge the proposed CMP within the time prescribed by 45 C.F.R. § 160.504 and the matter was not settled pursuant to 45 C.F.R. § 160.416. Thus, in accordance with 45 C.F.R. § 422, the Secretary imposed the proposed penalty. In a letter dated February 4, 2011 (Notice of Final Determination, a copy of which is attached and incorporated herein as **Exhibit B**), OCR notified Defendant by certified mail, return receipt requested of the $4,351,600 penalty that had been imposed against it and of the means by which Defendant may satisfy the penalty.

18. Under 45 C.F.R. § 160.422, the $4,351,600 CMP became final on February 15, 2011 when Defendant received the Notice of Final Determination. Attached hereto as **Exhibit C** is a true and correct copy of signed delivery confirmation.

19. Now that the CMP determination is final, it is <u>res judicata</u> that Defendant was properly assessed a CMP of $4,351,600 pursuant to 42 U.S.C. § 1320d-5. In the instant civil action to recover these amounts,

> [m]atters that were raised or that could have been raised in a hearing before the Secretary or in an appeal pursuant to subsection (e) [i.e., a petition for judicial review pursuant to 42 U.S.C. § 1320a-7a(e)] may not be raised as a defense to a civil action by the United States to collect a penalty[.]

42 U.S.C. § 1320a-7a(g); 45 C.F.R. § 160.424(d).

20. Defendant has not satisfied any part of the outstanding CMP.

21. Under the authority of 45 C.F.R. § 160.424, the Secretary has imposed an offset on Medicare and Medicaid reimbursement to which Defendant would otherwise be entitled to receive, but for the outstanding CMP. To date, the amount of money that the Secretary has collected through the offset of Medicare and Medicaid reimbursement claimed by Defendant is

$3,558.71. Accordingly, the current debt that Defendant owes to the United States is $4,348,041.30.

## COUNT I
## DEFENDANT, UPLIFT MEDICAL, P.C. D/B/A CIGNET HEALTH CENTER, D/B/A CIGNET HEALTH PLAN, and D/B/A CIGNET HEALTHCARE, IS LIABLE FOR THE CURRENT DEBT AS AN UNINCORPORATED ASSOCIATION

22. Uplift Medical, P.C. was incorporated in the State of Maryland on January 16, 1998. See **Exhibit D** (Certificate of Status and Articles of Incorporation from the Maryland Secretary of State, Department of Assessments and Taxation).

23. On November 30, 1998, Uplift Medical, P.C. registered the trade name of Cignet Health Center with the Maryland Secretary of State, Department of Assessments and Taxation. See **Exhibit E** (Certificate of Status and Trade Name Application from the Maryland Secretary of State, Department of Assessments and Taxation). This trade name registration indicated that Uplift Medical, P.C. was doing business as Cignet Health Center and that the nature of the business was a medical clinic. Id.

24. The corporate status for Uplift Medical, P.C. was forfeited on October 7, 2003. See **Exhibit D**. The trade name of Cignet Health Center was forfeited on November 30, 2008.

25. Cignet Health Plan, Inc. was incorporated in the State of Maryland on February 19, 2002. See **Exhibit F** (Certificate of Status and Articles of Incorporation from the Maryland Secretary of State, Department of Assessments and Taxation).

26. The corporate status for Cignet Health Plan, Inc. was forfeited on October 7, 2005. Id.

27. The Maryland Secretary of State, Department of Assessments and Taxation has verified that there is no record of a foreign or domestic corporation by the name of Cignet Healthcare. See **Exhibit G**.

28. Despite the fact that the corporate charter for Uplift Medical, P.C. was forfeited, the Officers and Directors of Uplift Medical, P.C. took no action to wind up the activities of Uplift Medical, P.C. nor did they liquidate the assets of this Professional Corporation.

29. After the corporate charter for Uplift Medical, P.C. was forfeited, the Officers and Directors of Uplift Medical, P.C. nonetheless continued the operation of their business for profit. Cignet Health Center, the principal d/b/a for Uplift Medical, P.C. has provided medical services to patients for profit since the forfeiture of their corporate charter on October 7, 2003 and continues to provide medical services to patients for profit. Furthermore, Cignet Health Center, the principal d/b/a for Uplift Medical, P.C. has continued to incur debts in the name of the business association, Uplift Medical, P.C. and Cignet Health Center.

30. Additionally, after the corporate charter for Uplift Medical, P.C. was forfeited, Uplift Medical, P.C. continued to participate as a provider organization in both the Medicare and Medicaid programs for profit. Uplift Medical, P.C. had enrolled as a Medicare Provider and was assigned provider number G00013. Uplift Medical, P.C. never informed the Medicare Program that its corporate charter had been forfeited as it was required to do under Medicare Provider Enrollment requirements at 42 C.F.R. § 424.500 et seq. Nor did Uplift Medical, P.C. ever inform the Medicaid program of the forfeiture of its corporate charter. Accordingly, during all times relevant to this case, Uplift Medical, P.C. continued to receive Medicare and Medicaid payments in the name of the corporation.

31. The civil money penalty at issue was assessed against Uplift Medical, P.C. d/b/a Cignet Health Center, Cignet Health Plan, and/or Cignet Healthcare, an unincorporated Maryland business association, for HIPAA violations.

32. Because it continued to operate as an unincorporated business association in Maryland even after the forfeiture of its corporate charter, Uplift Medical, P.C. d/b/a Cignet Health Center, Cignet Health Plan, and/or Cignet Healthcare is liable for the civil money penalty assessed on February 15, 2011 under MD. CODE ANN. CTS. & JUD. PROC. § 6-406.

## COUNT II

**DEFENDANT, UPLIFT MEDICAL, P.C. D/B/A CIGNET HEALTH CENTER, D/B/A CIGNET HEALTH PLAN, and D/B/A CIGNET HEALTHCARE, IS LIABLE FOR THE CURRENT DEBT AS A *DE FACTO* MARYLAND PARTNERSHIP**

33. Plaintiff hereby incorporates by reference paragraphs 1 through 21 above as though set forth herein.

34. Uplift Medical, P.C. was incorporated in the State of Maryland on January 16, 1998. See **Exhibit D** (Certificate of Status and Articles of Incorporation from the Maryland Secretary of State, Department of Assessments and Taxation).

35. On November 30, 1998, Uplift Medical, P.C. registered the trade name of Cignet Health Center with the Maryland Secretary of State, Department of Assessments and Taxation. See **Exhibit E** (Certificate of Status and Trade Name Application from the Maryland Secretary of State, Department of Assessments and Taxation). This trade name registration indicated that Uplift Medical, P.C. was doing business as Cignet Health Center and that the nature of the business was a medical clinic. Id.

36. The corporate status for Uplift Medical, P.C. was forfeited on October 7, 2003. See **Exhibit D**. The trade name of Cignet Health Center was forfeited on November 30, 2008.

37. Cignet Health Plan, Inc. was incorporated in the State of Maryland on February 19, 2002. See **Exhibit F** (Certificate of Status and Articles of Incorporation from the Maryland Secretary of State, Department of Assessments and Taxation).

38. The corporate status for Cignet Health Plan, Inc. was forfeited on October 7, 2005. Id.

39. The Maryland Secretary of State, Department of Assessments and Taxation has verified that there is no record of a foreign or domestic corporation by the name of Cignet Healthcare. See **Exhibit G**.

40. Despite the fact that the corporate charter for Uplift Medical, P.C. was forfeited, the Officers and Directors of Uplift Medical, P.C. took no action to wind up the activities of Uplift Medical, P.C. nor did they liquidate the assets of this Professional Corporation.

41. After the corporate charter for Uplift Medical, P.C. was forfeited, the Officers and Directors of Uplift Medical, P.C., including Drs. Daniel and Cynthia Austin nonetheless

-8-

continued to carry on as co-owners of the unincorporated business association for profit. Cignet Health Center, the principal d/b/a for Uplift Medical, P.C. has provided medical services to patients for profit since the forfeiture of their corporate charter on October 7, 2003 and continues to provide medical services to patients for profit. Furthermore, Cignet Health Center, the principal d/b/a for Uplift Medical, P.C. has continued to incur debts in the name of the business association, Uplift Medical, P.C. and Cignet Health Center.

42. Dr. Daniel Austin was, at all relevant times, and continues to be a co-owner of Uplift Medical, P.C. d/b/a Cignet Health Center, Cignet Health Plan, and/or Cignet Healthcare, an unincorporated for-profit Maryland business association. Dr. Daniel Austin is the Administrator of Cignet Health Center at 3710 Riviera Street, Temple Hills, Maryland 20748. See **Exhibit H** ("Physicians Profile" Listing for Cignet Health Center on the current website for Cignet Health Center at http://www.cignethealth.com/center/index.html). Moreover, Dr. Daniel Austin was the original subscriber who incorporated Uplift Medical, P.C. which was subsequently registered to do business as Cignet Health Center. See **Exhibits D and E**. Additionally, Dr. Daniel Austin was one of the three Directors of Uplift Medical, P.C. listed under its Articles of Incorporation when it was incorporated in 1997. See **Exhibit D**. Additionally, when Dr. Daniel Austin registered Cignet Health Center as a trade name under which Uplift Medical, P.C. is doing business in Maryland, he signed the trade name application as the "owner" of Uplift Medical, P.C. See **Exhibit E**. Additionally, Dr. Daniel Austin was the original incorporator as well as one of the three Directors of Cignet Health Plan, Inc. listed under its Articles of Incorporation when it was incorporated in 2002. See **Exhibit F**. The principal office of Cignet Health Plan was the same as that of Cignet Health Center, 3710 Riviera Street, Temple Hills, Maryland 20748. Even after the forfeiture of the corporate charter in 2003, Dr. Daniel Austin has continued to be a co-owner in Uplift Medical, P.C. d/b/a Cignet Health Center in much the same manner that he was prior to the forfeiture.

43. Dr. Cynthia Austin was, at all relevant times, and continues to be a co-owner in Uplift Medical, P.C. d/b/a Cignet Health Center, Cignet Health Plan, and/or Cignet Healthcare, an unincorporated for-profit Maryland business association. Dr. Cynthia Austin is a physician, licensed to practice medicine in the State of Maryland with a specialty in obstetrics and gynecology. Dr. Cynthia Austin is a participating physician on staff at Cignet Health Center at 3710 Riviera Street, Temple Hills, Maryland 20748. See **Exhibit H** ("Physicians Profile" Listing for Cignet Health Center on the current website for Cignet Health Center at http://www.cignethealth.com/center/index.html). Moreover, Dr. Cynthia Austin was one of the three Directors of Uplift Medical, P.C. listed under its Articles of Incorporation when it was incorporated in 1997. See **Exhibit D.** Additionally, Dr. Cynthia Austin was one of the three Directors of Cignet Health Plan, Inc. under its Articles of Incorporation when it was incorporated in 2002. The principal office of Cignet Health Plan is the same as that of Cignet Health Center, 3710 Riviera Street, Temple Hills, Maryland 20748. Even after the forfeiture of the corporate charter in 2003, Dr. Cynthia Austin has continued to be a co-owner in Uplift Medical, P.C. d/b/a Cignet Health Center in much the same manner that she was prior to the forfeiture.

44. Additionally, after the corporate charter for Uplift Medical, P.C. was forfeited, Uplift Medical, P.C. continued to participate as a provider organization in both the Medicare and Medicaid programs for profit. Uplift Medical, P.C. had enrolled as a Medicare Provider and was assigned provider number G00013. Uplift Medical, P.C. never informed the Medicare Program that its corporate charter had been forfeited as it was required to do under Medicare Provider Enrollment requirements at 42 C.F.R. § 424.500 et seq. Nor did Uplift Medical, P.C. ever inform the Medicaid program of the forfeiture of its corporate charter. Accordingly, Uplift Medical, P.C. continued to receive Medicare and Medicaid payments in the name of the corporation.

45. After the corporate charter for Uplift Medical, P.C. was forfeited, OCR served an administrative subpoena on Uplift Medical, P.C. d/b/a Cignet Health Center, Cignet Health Plan,

and/or Cignet Healthcare on June 29, 2009 for the production of written documents. Cignet failed to respond to the administrative subpoena. OCR then sought to enforce the administrative subpoena in federal district court. <u>United States of America, et al. v. Uplift Medical, P.C. d/b/a Cignet Health Center, Cignet Health Plan, and/or Cignet Healthcare</u>, Civ 8:10-MC-00059 (filed February 4, 2010). Cignet failed to respond to the petition to enforce the administrative subpoena. The United States District Court for the District of Maryland ordered a hearing on March 29, 2010, but no representative from Cignet appeared at the hearing. As a result, OCR obtained a final default judgment against Cignet in the U.S. District Court for the District of Maryland. On April 2, 2010, the Assistant United States Attorney representing the Secretary in the enforcement of the administrative subpoena sent Cignet a letter informing it to produce the documents listed in the Court Order by April 7, 2010 and that the Secretary would pursue contempt charges against Cignet if it failed to comply. The day before the deadline, on April 6, 2010, Darrel Allen of Cignet responded to the Court Order requiring production of certain documents requested in the administrative subpoena, stating that Cignet would produce "all manual/paper records that were in our possession in relationship with the case between Cignet and Lee Medical Group." The next day, on April 7, 2010, Cignet delivered two pallets containing approximately 4500 medical records in 59 boxes. Accordingly, Cignet ultimately complied with the Court Order against Uplift Medical, P.C. d/b/a Cignet Health Center, Cignet Health Plan, and/or Cignet Healthcare.

     46. The civil money penalty at issue was assessed against Uplift Medical, P.C. d/b/a Cignet Health Center, Cignet Health Plan, and/or Cignet Healthcare for HIPAA violations that occurred while it was an unincorporated business association that was operating to provide medical services to patients for profit.

     47. Despite carrying on the business of Uplift Medical, P.C. d/b/a Cignet Health Center, Cignet Health Plan, and/or Cignet Healthcare for profit as co-owners after the forfeiture of the

corporate charter, Drs. Daniel and Cynthia Austin did not defend the 4.3 million dollar CMP assessed against Cignet for HIPAA violations.

48. Accordingly, when its corporate status was forfeited on October 7, 2003, Defendant Uplift Medical, P.C. d/b/a Cignet Health Center, Cignet Health Plan, and/or Cignet Healthcare became a de facto partnership under MD. CODE ANN. CORPS. & ASS'NS § 9A-202(a) whether or not Drs. Daniel and Cynthia Austin intended to form such a partnership.

49. Thus, the civil money penalty that OCR assessed against Cignet on February 15, 2011 was assessed against Uplift Medical, P.C. d/b/a Cignet Health Center, Cignet Health Plan, and/or Cignet Healthcare as a Maryland partnership. Under the Maryland Revised Uniform Partnership Act, Uplift Medical, P.C. d/b/a Cignet Health Center, Cignet Health Plan, and/or Cignet Healthcare became liable for the civil money penalty incurred on February 15, 2011. See, MD. CODE ANN. CORPS. & ASS'NS § 9A-305(a).

## COUNT III

### DEFENDANT IS EQUITABLY ESTOPPED FROM DENYING ITS **CORPORATE STATUS AS TO HHS FOR PURPOSES OF THE CMP COLLECTION**

50. Plaintiff hereby incorporates by reference paragraphs 1 through 21 above as though set forth herein.

51. The civil money penalty at issue was assessed against Uplift Medical, P.C. d/b/a Cignet Health Center, Cignet Health Plan, and/or Cignet Healthcare for HIPAA violations that occurred between August 2008 and April 2010.

52. Uplift Medical, P.C. was incorporated in the State of Maryland on January 16, 1998. See Exhibit **D** (Certificate of Status and Articles of Incorporation from the Maryland Secretary of State, Department of Assessments and Taxation).

53. On November 30, 1998, Uplift Medical, P.C. registered the trade name of Cignet Health Center with the Maryland Secretary of State, Department of Assessments and Taxation. See **Exhibit E** (Certificate of Status and Trade Name Application from the Maryland Secretary of State, Department of Assessments and Taxation). This trade name registration indicated that

Uplift Medical, P.C. was doing business as Cignet Health Center and that the nature of the business was a medical clinic. Id.

54. The corporate status for Uplift Medical, P.C. was forfeited on October 7, 2003. See **Exhibit D**. The trade name of Cignet Health Center was forfeited on November 30, 2008.

55. Cignet Health Plan, Inc. was incorporated in the State of Maryland on February 19, 2002. See **Exhibit F** (Certificate of Status and Articles of Incorporation from the Maryland Secretary of State, Department of Assessments and Taxation).

56. The corporate status for Cignet Health Plan, Inc. was forfeited on October 7, 2005. Id.

57. The Maryland Secretary of State, Department of Assessments and Taxation has verified that there is no record of a foreign or domestic corporation by the name of Cignet Healthcare. See **Exhibit G**.

58. Despite the fact that the corporate charter for Uplift Medical, P.C. was forfeited, the Officers and Directors of Uplift Medical, P.C. took no action to wind up the activities of Uplift Medical, P.C. nor did they liquidate the assets of this Professional Corporation.

59. After the corporate charter for Uplift Medical, P.C. was forfeited, the Officers and Directors of Uplift Medical, P.C., including Drs. Daniel and Cynthia Austin nonetheless continued to carry on as co-owners of the unincorporated business association for profit. Cignet Health Center, the principal d/b/a for Uplift Medical, P.C. has provided medical services to patients for profit since the forfeiture of their corporate charter on October 7, 2003 and continues to provide medical services to patients for profit. Furthermore, Cignet Health Center, the principal d/b/a for Uplift Medical, P.C. has continued to incur debts in the name of the business association, Uplift Medical, P.C. and Cignet Health Center.

60. Additionally, after the corporate charter for Uplift Medical, P.C. was forfeited, Uplift Medical, P.C. misrepresented to the Medicare and Medicaid programs administered by HHS[1] that it continued to operate as a validly incorporated Maryland Professional Corporation. Specifically, at all times relevant to this litigation, Uplift Medical, P.C. participated as a provider organization in both the Medicare and Medicaid programs. Uplift Medical, P.C. had enrolled as a Medicare Provider and was assigned provider number G00013. Uplift Medical, P.C. never informed the Medicare Program that its corporate charter had been forfeited as it was required to do under Medicare Provider Enrollment requirements at 42 C.F.R. § 424.500 et seq. Nor did Uplift Medical, P.C. ever inform the Medicaid program of the forfeiture of its corporate charter. Accordingly, Uplift Medical, P.C. continued to receive Medicare and Medicaid payments in the name of the corporation.

61. Furthermore, Uplift Medical, P.C. misrepresented to HHS and to the federal District Court in Maryland that it was validly incorporated in Maryland by responding to a court order directing Uplift Medical, P.C. to produce certain documents in response to an administrative subpoena. After the corporate charter for Uplift Medical, P.C. was forfeited, OCR served an administrative subpoena on Uplift Medical, P.C. d/b/a Cignet Health Center, Cignet Health Plan, and/or Cignet Healthcare on June 29, 2009 for the production of written documents. Cignet failed to respond to the administrative subpoena. OCR then sought to enforce the administrative subpoena in federal district court. <u>United States of America, et al. v. Uplift Medical, P.C. d/b/a Cignet Health Center, Cignet Health Plan, and/or Cignet Healthcare,</u> Civ 8:10-MC-00059 (filed February 4, 2010). Cignet failed to respond to the petition to enforce the administrative subpoena. The United States District Court for the District of Maryland ordered a hearing on March 29, 2010, but no representative from Cignet appeared at the hearing. As a result, OCR obtained a final default judgment against Cignet in the U.S. District Court for the District of

---

[1] While HHS exclusively administers the Medicare program, the Medicaid program is jointly administered by HHS and the states that elect to participate in the program. 42 U.S.C. §§ 1396-1396w-1, 1396a.

-14-

1  Maryland. On April 2, 2010, the Assistant United States Attorney representing the Secretary in
2  the enforcement of the administrative subpoena sent Cignet a letter informing it to produce the
3  documents listed in the Court Order by April 7, 2010 and that the Secretary would pursue
4  contempt charges against Cignet if it failed to comply. The day before the deadline, on April 6,
5  2010, Darrel Allen of Cignet responded to the Court Order requiring production of certain
6  documents requested in the administrative subpoena, stating that Cignet would produce "all
7  manual/paper records that were in our possession in relationship with the case between Cignet
8  and Lee Medical Group." The next day, on April 7, 2010, Cignet delivered two pallets
9  containing approximately 4500 medical records in 59 boxes. Accordingly, Defendant ultimately
10 complied with the Court Order against Uplift Medical, P.C. d/b/a Cignet Health Center, Cignet
11 Health Plan, and/or Cignet Healthcare.

12        62. The civil money penalty at issue was assessed against Uplift Medical, P.C. d/b/a
13 Cignet Health Center, Cignet Health Plan, and/or Cignet Healthcare for HIPAA violations that
14 occurred while it was an unincorporated business association that was operating to provide
15 medical services to patients for profit.

16        63. Despite carrying on the business of Uplift Medical, P.C. d/b/a Cignet Health Center,
17 Cignet Health Plan, and/or Cignet Healthcare for profit as co-owners after the forfeiture of the
18 corporate charter, Drs. Daniel and Cynthia Austin did not defend the 4.3 million dollar CMP
19 assessed against Cignet for HIPAA violations.

20        64. Accordingly, in numerous dealings, Cignet misrepresented to HHS that it was validly
21 incorporated as Maryland Professional corporation.

22        65. HHS detrimentally relied on Cignet's misrepresentations when it assessed a CMP
23 against Uplift Medical, P.C. d/b/a Cignet Health Center, Cignet Health Plan, and/or Cignet
24 Healthcare for HIPAA violations that the business association had committed.

25        66. As set forth above, based on its misrepresentations upon which HHS detrimentally
26 relied, Uplift Medical, P.C. is equitably estopped from denying that it is a Professional

27
28                                              -15-

1  Corporation <u>vis</u> <u>a</u> <u>vis</u> HHS for purposes of the CMP that was assessed against Uplift Medical,
2  P.C. d/b/a Cignet Health Center, Cignet Health Plan, and/or Cignet Healthcare. Accordingly,
3  Uplift Medical, P.C. is liable for the civil money penalty in its entirety.

4  WHEREFORE, the United States prays as follows:

5  A. For an order of the court entering judgment in favor of the United States in the
6  amount of $4,348,041.29 plus interest and penalties as authorized under 45 C.F.R. § 30.18
7  through the date of entry of judgment and requiring payment to the United States of the amounts
8  due and owing.

9  B. For an order awarding a surcharge of 10 percent of the amount of the debt in
10 connection with the recovery of this debt, to cover the cost of processing and handling the
11 litigation and enforcement of the claim for this debt to the United States as authorized under 28
12 U.S.C. § 3011(a).

13 C. For any and all other relief to which the United States in entitled under law or as
14 demanded by equity.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

By: _____
Larry D. Adams
Assistant United States Attorney
U.S. Attorney's Office
District of Maryland
36 S. Charles St., 4th Floor
Baltimore, MD   21201
Phone (410)209-4800
Fax (410)962-0122