IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **KATHLEEN SEBELIUS,** | * |
| Plaintiff, | * |
| v. | *   Case No.: RWT 11cv2168 |
| **UPLIFT MEDICAL, P.C.,** *et al.*, | * |
| Defendants. | * |

## MEMORANDUM OPINION

Plaintiff Kathleen Sebelius filed suit against Defendants Uplift Medical, P.C., Daniel Austin, and Cynthia Austin seeking to recover a civil money penalty assessed for violations of the Federal Standards for Privacy of Individually Identifiable Health Information ("Privacy Rule"), 45 C.F.R. 160, 164 (2000), which was promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936. For the reasons discussed below, the Court will deny Defendant Cynthia Austin's Motion to Dismiss, Doc. No. 13, deny Defendant Dan Austin's Motion to Dismiss, Doc. No. 18,[1] deny Plaintiff's Motion to Strike, Doc. No. 20, construing it instead as an Opposition to Defendant Dan Austin's Motion to Dismiss, grant Plaintiff's Motion to Dismiss Counterclaim, Doc. No. 21, and grant Plaintiff's Motion for Summary Judgment. Doc. No. 4.

---

[1] In a Memorandum Order issued on December 7, 2011, and pursuant to Local Rule 101.1(a), this Court ordered Uplift Medical, P.C. to have an attorney enter an appearance on its behalf. Doc. No. 6. The Court cautioned Uplift Medical that, in the event counsel had not entered an appearance on or before January 4, 2012, the Court may enter a judgment against it. *Id.* No counsel entered an appearance by the deadline of January 4, 2012. Accordingly, all documents and motions submitted by Dan Austin shall be treated as filed as to that Defendant alone because he is not an attorney and cannot file documents on behalf of other parties. *Id.*

**I.      Background**

Kathleen Sebelius, the Secretary of the Department of Health and Human Services ("HHS") brought this action against Uplift Medical, P.C. doing business as Cignet Health Center, Cignet Health Plan, and/or Cignet Healthcare ("Uplift") and its owners Dan and Cynthia Austin, *de facto* partners of the now unincorporated business association, for violations of the Privacy Rule. *See* Compl. ¶¶ 2-6.

After having determined that Uplift was a covered entity as defined under 45 C.F.R. § 160.103 and thus obligated to adhere to HIPAA's privacy rule, HHS determined via administrative proceeding that Uplift had violated two provisions of the HIPAA Privacy Rule. First, it "failed to provide [forty-one] individuals timely access to obtain a copy of the protected health information about them in the designated records sets (medical records) maintained by Uplift" in violation of 45 C.F.R. § 164.524. Doc. No. 4-1 at 5. Uplift also "failed to cooperate with [HHS's] investigation of [twenty-seven] complaints regarding Uplift's noncompliance with the requirement to provide timely access to protected health information" in violation of 45 C.F.R. § 160.310(b). Doc. No. 4-1 at 5. Accordingly, HHS levied a proposed $4,351,600 penalty under 42 U.S.C. § 1320d-5 and 45 C.F.R. Part 160 subpart D against Uplift. Compl. ¶ 14.

On October 20, 2010, HHS notified Uplift by a Notice of Proposed Determination that it was proposing the imposition of a penalty of $4,351,600. Compl., Ex. A. The Notice of Proposed Determination also provided detailed information regarding Uplift's right to request a hearing challenging the proposed penalty within ninety days of receiving the Notice of Proposed Determination. *Id.* at 6–7. Uplift did not request a hearing, and thus HHS imposed the proposed penalty. Doc. No. 4-1 at 6. On February 4, 2011, HHS notified Uplift by Notice of Final

Determination, Compl., Ex. B, that the $4,351,600 penalty would become final. Doc. No. 4-1 at 6. After accounting for a Medicare offset, HHS alleges that the current debt that Uplift owes the United States is $4,348,041.30. *Id.*

On August 4, 2011, HHS filed a three-count Complaint in this Court against Uplift and its owners to collect the penalty. The Complaint alleges that the individual Defendants as well as Uplift are liable for the civil money penalty because 1) Uplift continued to operate as an unincorporated business association in Maryland after the forfeiture of its corporate charter, 2) Uplift became a *de facto* Maryland Partnership under MD. CODE ANN. CORPS. & ASS'NS § 9A-202(a) when it forfeited its corporate status, 3) because Uplift was not validly incorporated at the time of the penalty assessment, owners Dan and Cynthia Austin are liable for the current debt as the de facto partners of an unincorporated business association under M.D. CODE ANN. CTS. & JUD. PROC. § 6-406, and 4) the Defendants are equitably estopped from denying Uplift is a Professional Corporation vis-à-vis HHS for the purposes of the civil money penalty. Compl. ¶¶ at 22–63. Dan Austin sent letters to HHS on September 5, 2011[2] and to the United States Attorney's Office on November 17, 2011,[3] both of which purport to be answers to the Complaint. Doc. No. 3.

On November 2, 2011, HHS filed a Motion for Summary Judgment. Doc. No. 4. On November 22, 2011, Dan Austin filed his Opposition to the Motion for Summary Judgment, Doc. No. 5, to which HHS replied on December 9, 2011. Doc. No. 7. On January 3, 2012, after

---

[2] In his September 5, 2011 letter, Dan Austin argued that Uplift is not liable for the penalty because it had no notice of penalty and of its right to appeal the determination, and because it challenges several of the substantive bases for the penalty by alleging another entity, Lee Medical Group, is responsible for all charges and accusations against it. Doc. No. 3-1. This letter was filed with the Court on November 2, 2011.

[3] In his November 17, 2011 letter, Dan Austin largely repeated assertions from the September 5, 2011 letter, Doc. No. 3, and added that Uplift had been unable to immediately provide requested patient medical records because they were being used as exhibits in a criminal hearing and thus unavailable at the time. Doc. No. 5. This letter was filed with the Court on November 22, 2011.

prompting from this Court, Cynthia Austin filed an opposition to the Motion for Summary Judgment.  Doc. No. 9.  On January 26, 2012, Dan Austin filed a surreply to the Motion for Summary Judgment without leave of Court.  Doc. No. 12.  On February 24, 2012, HHS filed a sur-surreply in support of its Motion for Summary Judgment.  Doc. No. 16.

On February 15, 2012, Cynthia Austin filed a Motion to Dismiss.  Doc. No. 13.  On March 5, 2012, HHS filed its opposition.  Doc. No. 17.  On March 20, 2012, Dan Austin filed a Motion to Dismiss, Doc. No. 18, and a Counterclaim against HHS, Lee Medical Group, and Dana Lee.  Doc. No. 19.  On April 9, 2012, HHS filed a Motion to Strike or in the alternative an Opposition to Defendant Dan Austin's Motion to Dismiss.  Doc. No. 20.  On April 19, 2012, HHS filed a Motion to Dismiss Counterclaim.  Doc. No. 21.

## II.     Discussion

### A.     Motions to Dismiss

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint.  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"—that the pleader is entitled to relief."  *Id*. at 1950; *see also Simmons v. United Mortg. & Loan Invest.*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it

does not allege enough facts to state a claim to relief that is plausible on its face.") (quotation and emphasis omitted).

A court must consider all well-pleaded allegations in a complaint as true, *see Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe factual allegations in the light most favorable to the plaintiff. *See Lambeth v. Bd. of Comm'rs*, 407 F.3d 266, 268 (4th Cir. 2005). Nevertheless, a court is not required to accept as true "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), conclusory allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979), or "allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (internal quotation marks omitted). "'Thus, in reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) a court must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level.'" *Monroe v. City of Charlottesville*, 579 F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009)).

### 1. Defendant Cynthia Austin's Motion to Dismiss

Defendant Cynthia Austin argues that the Court should dismiss the Complaint because HHS improperly named her as a Defendant. Doc. No. 13. HHS responds that she is legally barred from challenging the penalty, the motion is improper as a matter of law, and all of her arguments are without merit. Doc. No. 17.

Based on the record before this Court, Cynthia Austin was properly named in her joint and individual capacity as a co-owner and *de facto* partner of Uplift. *Id.* at 2–4. Uplift listed Cynthia Austin as a Director under its Articles of Incorporation in 1997 and in 2002, Compl.,

Exs. D; F, during which time Uplift recognized her as a staff physician and specialist in obstetrics and gynecology. *Id.* at Ex. H.

Despite the forfeiture of Uplift's corporate status on October 7, 2003, Compl., Ex. D, Uplift continued to operate as an unincorporated Maryland business association. Doc No. 16 at 6–13. Under Maryland law, Uplift, after forfeiting its corporate status, continued to operate as an unincorporated Maryland business association. *Price v. Upper Chesapeake Health Ventures*, 995 A.2d 1054, 1059-61 (Md. Ct. Spec. App. 2010) (holding that a corporation does not become a legal non-entity after forfeiture of corporate status for failure to pay taxes). As such, Uplift and its owners are liable for the penalty assessed after Uplift forfeited its corporate status and continued to operate.

Cynthia Austin, as a co-owner and *de facto* partner of Uplift, is also legally barred from challenging the penalty by 45 C.F.R. § 160.422 for failure to exhaust her administrative remedies and by the doctrine of *res judicata*. Doc. No. 17 at 4–5; Doc. No. 7 at 2–3. *Res judicata*, not only "bar[s] claims that were raised and fully litigated, it 'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Peugeot Motors of America, Inc. v. Eastern Auto Distrib. Inc.*, 892 F.2d 355, 359 (4th Cir. 1989) (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979)). Cynthia Austin failed to request an administrative hearing to challenge the imposition of the penalty, despite having received actual notice of the Notice of Proposed Determination, Doc. No. 4, Ex. 3 at 65–69, and cannot now be heard to complain that HHS owes

her more process.[4]  *See* 45 C.F.R. § 160.422 (providing that a covered entity against whom a penalty has been assessed "has no right to appeal a penalty under 45 C.F.R. § 160.548 with respect to which the respondent has not timely requested a hearing"); 45 C.F.R. § 160.424(d) (stipulating that "[m]atters that were raised or that could have been raised in a hearing before an ALJ, or in an appeal under 42 U.S.C. § 1320a-7a(e), may not be raised as a defense in a civil action by the United States to collect a penalty under this part").

### 2. Defendant Dan Austin's Motion to Dismiss

Defendant Dan Austin argues that the Court should dismiss the Complaint because (1) he did not receive notice, (2) he is not liable because Uplift forfeited its corporate status, and (3) that HHS was deficient in its investigation and enforcement of the HIPAA violations committed by Uplift. Doc. No. 18. HHS maintains that the Court should strike Dan Austin's motion because its allegations are beyond the scope of action because the only allegations and arguments pertinent to this action are those that concern the $4,348,041 penalty that Uplift allegedly owes the federal government. Doc. No. 20 at 1-2. HHS contends that Dan Austin again failed to address the relevant issues of HHS's imposition of penalty, instead presenting numerous, meritless factual allegations and arguments that attempt to contest the underlying penalty.

HHS has demonstrated that it conducted an investigation of Uplift's forty-one HIPAA complaints in accordance with the regulatory authority afforded to it under 45 C.F.R. §§ 160.300–160.316. Doc. No. 20 at 4. HHS interviewed both Drs. Dana and Kristi Lee, who confirmed Uplift had possession of all medical records at issue in the HIPAA complaints. HHS

---

[4] Even if Cynthia Austin were not barred, her Motion to Dismiss and her opposition to the Motion for Summary Judgment are wholly unsupported by any evidence. For instance: a) the evidence unequivocally demonstrates that Uplift, and consequently Cynthia Austin as a co-owner, had actual notice of HHS's investigative process as well as final imposition of the penalty; b) there has been no loss of a constitutional right that indicates a substantive due process violation; c) despite claiming she had severed her relationship with Uplift prior to 1999, Cynthia was listed as a provider for the entity as late as 2011; d) Uplift continued to operate beyond 2009, the year she alleges Uplift was dissolved; and e) no right to counsel exists in instant action and, since Uplift was dissolved, the Austins have chosen to represent themselves *pro se*. Doc. No. 17.

sent a federal government employee to investigate whether the employment dispute Dan Austin brought against Drs. Dana and Kristi Lee (co-owners of Lee Medical Group) had any bearing on the HIPAA complaints. *Id.* at 7-9; 12-13. After its investigation HHS concluded Dan Austin's claim that Lee Medical Group was responsible for the HIPAA violations was unavailing, because Uplift, not Lee Medical Group, had possession of medical records. *Id.* at 13. HHS also concluded that concurrent litigation—a Medicaid fraud criminal case against Dan Austin and an employment dispute case against Drs. Dana and Kristi Lee—were irrelevant to the HIPAA violations HHS assessed and to the instant action because they involved entirely different patient records. *Id.* at 13-14. Even if the medical records at issue in this case had been the subject of another action, that does not obviate Uplift's HIPAA obligations to provide access.

HHS assessed the HIPAA penalty against Uplift in accordance with its enforcement authority under 45 C.F.R. §§ 160.400–160.426. It is not a defense that Dan Austin may have been "too beleaguered" to comply with the HIPAA requirements as a result of his employment dispute with Drs. Dana and Kristi Lee, nor that that Old Branch Health (the purported successor of Uplift's operations) may have suffered due to the instant litigation. *Id.* at 19-20.

Uplift continued to operate well after its corporate charter was forfeited and, in particular, during the relevant time period for which the penalty was assessed. Uplift was the entity operating the business for the period at issue and no evidence exists showing Old Branch Health took over the business. *Id.* at 17-19. Uplift was the entity that eventually turned over medical records to the Department of Justice, and no evidence exists that shows that Old Branch ever possessed the medical records. *Id.* Accordingly, Uplift is liable as an unincorporated Maryland business association under MD. CODE ANN. CTS. & JUD. PROC. § 6-406 for the penalty assessed

against it based on multiple violations of the HIPAA requirements during its operation as an unincorporated Maryland business from August 2008 through April 2010.

Dan Austin is also legally barred from challenging the penalty by 45 C.F.R. § 160.422 for failure to exhaust administrative remedies and by the doctrine of *res judicata*. *Id.* at 1–2, 4–5. A process exists by which all respondents assessed a penalty by HHS are afforded the opportunity to challenge the HHS's prior decision in front of an impartial ALJ. 45 C.F.R. § 160.504. Dan Austin did not request a hearing, despite having received actual notice of the Notice of Proposed Determination, Doc. No. 4, Ex. 3 at 65–69. Therefore, Dan Austin is specifically precluded from obtaining judicial review of the HIPAA penalty assessment for failure to exhaust his administrative remedies. *See* 45 C.F.R. § 160.422; 45 C.F.R. § 160.424(d).

### 3. HHS's Motion to Dismiss Counterclaim

Defendant Dan Austin has filed a counterclaim for damages against HHS based on various allegations in the performance of the investigation of the HIPAA violations committed by Uplift and in the pursuit of enforcement remedies in connection with those HIPAA violations. Doc. No. 19. This Court lacks subject-matter jurisdiction over the counterclaim because Dan Austin fails to establish that the claim asserted therein is authorized by a statutory waiver of sovereign immunity. Additionally, even if this Court had subject matter jurisdiction, the counterclaim is subject to dismissal because Dan Austin has failed to state a claim upon which relief can be granted.

Federal district courts possess "only the jurisdiction authorized them by the United States Constitution and by federal statute," *United States v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2008). Moreover, due to the doctrine of sovereign immunity, this Court has only limited subject matter jurisdiction over claims against the federal government and its agencies. *FDIC v. Meyer*, 510

U.S. 471, 475 (1994). Dan Austin must, therefore, establish that his counterclaim is authorized by a statutory waiver of sovereign immunity, such as the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2679(a) (2006); *see Medina v. United States*, 259 F.3d 220, 223 (4th Cir. 2001). Dan Austin's claim does not involve a federal question, nor has he brought a proper claim under the FTCA. In fact, Dan Austin has not only failed to exhaust his administrative remedies as required by the FTCA, but also the counterclaim presents grievances not encompassed by the FTCA's waiver of sovereign immunity. 28 U.S.C. § 1346(b) (2006); *see* Doc. No. 19.

Dan Austin's counterclaim also fails to state a claim upon which relief can be granted. Dan Austin improperly names various parties. Dan Austin asserts that the counterclaim is brought by "Uplift Health, Old Branch Health Care, Inc. and Dan Austin MD." Doc. No. 19 at 1. However, Old Branch Health Care, Inc. is not a party to the instant action and, as such, is not properly included as a party to Dan Austin's counterclaim. Doc. No. 12 at ¶ 2; *see also* Doc. No. 16 at 8–10 (exposing that there was no evidence to support the alleged transition of Uplift's business to Old Branch Health Care, Inc.). He also alleged a counterclaim against the "Department of Health and Human Services, Lee Medical Group and Dana Lee MD of Lee Medical Group." Doc. No. 19 at 1. However, Lee Medical Group and Dana Lee MD have no role in this action, as it concerns a federal monetary penalty against Uplift and its owners, and *de facto* partners, Dan and Cynthia Austin. Doc. No. 21 at 7.

Dan Austin does not indicate, and this Court cannot find, a legal basis for his counterclaim. Doc. No. 19. Therefore, even construing it in the light most favorable to the defendant, *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997), and granting special leniency to him as a *pro se* defendant, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), Defendant's

counterclaim does not state a valid cause of action upon which this Court can grant relief. Fed. R. Civ. P. 12(b)(6).

### B.      Summary Judgment

Summary judgment is proper if there are no issues of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 302 (4th Cir. 2006). A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). A dispute of material fact is only "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248-49. However, the nonmoving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1986). "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)).

The Court may only rely on facts supported in the record, not simply assertions in the pleadings, in order to fulfill its "affirmative obligation . . . to prevent 'factually unsupported claims or defenses' from proceeding to trial." *Felty v. Grave-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex*, 477 U.S. at 323-24). When ruling on a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255 (emphasis added).

### 1. HHS's Motion for Summary Judgment

HHS argues that summary judgment is appropriate because there are no genuine issues of material fact. It maintains that Defendants are legally barred from raising any defenses by 45 C.F.R. § 160.422 for failure to exhaust their administrative remedies and by the doctrine of *res judicata*. Defendants maintain summary judgment is inappropriate because they did not receive notice of their right to a hearing or to appeal and because Uplift forfeited its corporate status.

As discussed above, the Defendants are barred from challenging HHS's penalty determination because they failed to exhaust remedies. 45 C.F.R. § 160.422; *Peugeot Motors*, 892 F.2d at 359. Even if Defendants were not barred for failing to exhaust administrative remedies, they have failed to present sufficient evidence in support of their allegations and, consequently, have failed to demonstrate that there are any material facts in dispute such that they "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)).

HHS properly assessed the penalty at issue, and Defendants' violations of the HIPAA Privacy Rule and the correctness of the penalty assessed against them have been fully and finally decided. *See* Doc. No. 4 at 9–14. Furthermore, Defendants' substantive defenses to the debt are unavailing and without merit. Doc. No. 12. Uplift was a valid Professional Corporation incorporated under Maryland state law, until it let its corporate charter lapse for failure to pay taxes. *See* Compl., Ex. D (Maryland Certificate of Status and Articles of Incorporation); Ex. E (Maryland Certificate and Status of Trade Name Application). Because Uplift was not validly incorporated at the time of the penalty assessment, Defendant owners Dan and Cynthia Austin

are liable for the current debt as the de facto partners of an unincorporated business association under Maryland law.[5]  M.D. CODE ANN. CTS. & JUD. PROC. § 6-406.

**III.   Conclusion**

For the reasons discussed above, the Court will deny Defendant Cynthia Austin's Motion to Dismiss, Doc. No. 13, deny Defendant Dan Austin's Motion to Dismiss, Doc. No. 18, deny HHS's Motion to Strike, Doc. No. 20, construing it instead as an Opposition to Defendant Dan Austin's Motion to Dismiss, grant HHS's Motion to Dismiss Counterclaim, Doc. No. 21, and grant HHS's Motion for Summary Judgment. Doc. No. 4.  A separate order follows.


<u>August 28, 2012</u>                                                             /s/                              
Date                                              Roger W. Titus
                                                  United States District Judge

---

[5] Additionally, the United States is entitled to recover the amount of $434,804.13 from the Defendants, which constitutes a 10 percent surcharge on the amount of the debt authorized under 28 U.S.C. § 3011(a) to cover the processing and handling the litigation and the enforcement for this debt to the United States.  Therefore, judgment will be entered against the Defendants in the amount of $4,782,845.43 which constitutes the outstanding $4,348,041.30 penalty and the 434,804.13 ten percent surcharge.